Chen v. Barr

BIA
Morace, IJ
A206 364 827

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand nineteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    ROSEMARY S. POOLER,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

XUE FANG CHEN, AKA XUE-FANG
CHEN,
    *Petitioner,*

    v.                                                    16-4184
                                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*[1]

_____

FOR PETITIONER:            Ting Geng, Geng & Associates,
                           P.C., Flushing, NY.

---

[1] William P. Barr is automatically substituted for former Attorney General Jefferson B. Sessions III pursuant to Federal Rule of Appellate Procedure 43(c)(2). The Clerk of Court is directed to amend the caption accordingly.

**FOR RESPONDENT:**        Chad A. Readler, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Fang Chen, a native and citizen of the People's Republic of China, seeks review of a November 30, 2016, decision of the BIA affirming a January 27, 2016, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Fang Chen,* No. A206 364 827 (B.I.A. Nov. 30, 2016), *aff'g* No. A206 364 827 (Immig. Ct. N.Y.C. Jan. 27, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

I.   Past Persecution

The IJ concluded that Chen's claim of past persecution was not credible, and the BIA affirmed.  In addressing credibility, the agency must "[c]onsider[] the totality of the circumstances" and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies or omissions in her or her witness's statements.   8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  For the reasons that follow, we conclude that substantial evidence supported the IJ's decision to reject Chen's past persecution claim on credibility grounds.

First, the agency reasonably relied on the omission of alleged forced abortions from both Chen's border patrol and credible fear interviews.  *See Ming Zhang v. Holder*, 585 F.3d

3

715, 724-25 (2d Cir. 2009) (observing that where the record of a credible fear interview bears the hallmarks of reliability, credibility determinations can account for inconsistencies arising from credible fear interviews); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-81 (2d Cir. 2004) (same for airport interviews). Although Chen testified that she suffered forced abortions in 1998 and 2003, she did not mention any issues with the family planning policy during her initial interview at the border and mentioned only that Chinese officials had forced her to use intrauterine devices ("IUDs") during her credible fear interview a few weeks later.

Chen challenges the use of her credible fear interview on two grounds: first by arguing that the interviewer solely questioned her about her forced use of IUDs and second by arguing that evidence related to her credible fear interview was untimely submitted to the court. The IJ was not required to accept Chen's explanation that the interviewer's questions caused her to focus on the forced use of IUDs and omit the forced abortions. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

4

*compelled* to credit his testimony." (internal quotation marks omitted)). Chen was given an opportunity during her credible fear interview to discuss harm beyond the IUDs, but she did not do so. Nor can Chen's challenge to the admission of the border patrol interview succeed because the interview was used at the hearing as impeachment evidence, which is not subject to the filing deadline. Immig. Ct. Practice Manual ch. 3.1(b)(ii)(A).

The credibility of the past persecution claim was further undermined by inconsistencies among Chen's testimony, her husband's testimony, and her husband's written statement concerning how her husband learned of her second abortion. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Both Chen and her husband testified that her husband came home to find her lying in bed, but her husband's written statement was that he picked her up at the hospital. Chen's husband twice changed his testimony when confronted with this discrepancy. When confronted with the written statement, he confirmed that he picked Chen up at the hospital, but when confronted with Chen's testimony, he stated that he learned of Chen's second abortion when he found her at home. Chen's post-

5

hearing memorandum blamed these inconsistencies on her husband's mental illnesses and her attorney's errors in preparing her husband's written statement; however, the IJ did not err in declining to consider the arguments and related evidence because Chen did not support her argument that her attorney erred with corroborated evidence and the evidence was submitted after the filing deadline. *See* Immig. Ct. Practice Manual ch. 3.1(b)(ii)(A) ("For individual calendar hearings involving non-detained aliens, filings must be submitted at least fifteen (15) days in advance of the hearing."); *Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) ("[T]he arguments of counsel are not evidence."). The BIA also correctly declined to consider Chen's submissions for the first time on appeal. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) ("[T]he BIA may only review the IJ's factual findings to determine whether they are clearly erroneous, and may not engage in fact-finding, other than taking administrative notice of commonly known facts"); 8 C.F.R. § 1003.1(d)(3)(iv) ("The Board will not engage in factfinding in the course of deciding appeals.").

Last, the agency reasonably found Chen's corroborating

6

evidence insufficient to rehabilitate her credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Chen argues that the IJ should have given more weight to her medical records from the United States, but the resolution of conflicts in the record evidence is "a task largely within the discretion of the agency." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008). As the IJ found, those records were unauthenticated, and the doctors who prepared them were not available for cross-examination.

Given the foregoing omission, inconsistency, and corroboration findings, which call into question whether Chen suffered any forced abortions, the adverse credibility determination is supported by substantial evidence in light of the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is therefore dispositive of Chen's past persecution claim. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II. Well-Founded Fear of Future Persecution

Absent past persecution, an applicant may establish asylum eligibility by demonstrating a well-founded fear of persecution, which is a "subjective fear that is objectively reasonable." *Tambadou v. Gonzales*, 446 F.3d 298, 302 (2d Cir. 2006); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

We conclude that the agency reasonably determined that Chen failed to demonstrate a well-founded fear of future persecution based on the birth of her second child in the United States. *See id*. at 128-29. As the agency observed, Chen failed to present evidence of enforcement of the family planning policy in her home region of Fujian Province, as required to show that her fear is objectively reasonable; nor did she provide evidence establishing that

8

she would still face persecution despite China's relaxation of the one-child policy to allow all couples to have up to two children. *Jian Hui Shao*, 546 F.3d at 149 (requiring applicant to demonstrate that the family planning policy is punished in her local area in a manner that gives rise to an objectively reasonable fear of persecution given variations in the enforcement of the policy between localities); U.S. Dep't of State, 2016 Country Report on Human Rights Practices: China 54 (Bureau of Democracy, Human Rights & Labor, U.S. Dep't of State 2016), https://www.state.gov/documents/organization/265540.pdf ("On January 1, [2016,] the government raised the birth limit imposed on its citizens from one to two children per married couple, thereby ending the 'one-child policy' first enacted in 1979."). Accordingly, Chen failed to demonstrate a well-founded fear of persecution, and the agency did not err in denying asylum or in concluding that she necessarily failed to meet the higher burdens for withholding of removal and CAT relief because her claims for such relief are predicated on the same set of facts as her asylum claim is. *Y.C.*, 741 F.3d at 335.

III. Motion to Remand

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen" and is reviewed for abuse of discretion. *Li Yong Cao*, 421 F.3d at 156-57. A movant seeking remand for consideration of new evidence must therefore present "material, previously unavailable evidence" and satisfy "the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Id.* at 156.

The BIA did not abuse its discretion in declining to remand because Chen's new evidence would not likely change the result of her case. First, Chen's counsel's affidavit did not compellingly resolve Chen's husband's inconsistent statements because a reasonable fact-finder could question how an entirely different account of Chen's husband discovering the second forced abortion could result from a typographical error, as Chen's attorney suggested. *See Majidi*, 430 F.3d at 80. Second, Chen's medical records appear to be duplicates of those submitted to the IJ. *See Li Yong Cao*, 421 F.3d at 156 (requiring the evidence to have previously been unavailable). Third, Chen's additional

10

background evidence did not suggest that she would be punished in her home region of Fujian Province for the birth of her second child in the United States. *See Jian Hui Shao*, 546 F.3d at 149. Last, Chen's post-hearing evidence concerning her husband's mental health would not compel a reasonable adjudicator to excuse his inconsistent testimony because he had no prior history of mental illness and Chen previously described her husband as stable. *Majidi*, 430 F.3d at 80.

For the foregoing reasons, Chen's petition for review is DENIED, and her pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

11